# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT JUNIOR MCCULLOUGH,<br><br>               Plaintiff,<br><br>            v.<br><br>LITHIA KIA OF ANCHORAGE and AMERICAN CREDIT ACCEPTANCE,<br><br>               Defendants. | Case No. 3:20-cv-00237-RRB |

## ORDER OF DISMISSAL

On September 24, 2020, Dwight Junior McCullough, a self-represented prisoner, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, along with a Prisoner's Application to Waive the Filing Fee.[1]

Mr. McCullough alleges that Lithia Kia of Anchorage has committed unfair and deceptive business practices and inflicted intentional emotional distress.[2] He further alleges that Lithia Kia of Anchorage and American Credit Acceptance has violated the Equal Credit Opportunity Act.[3] In brief summary, Mr. McCullough alleges that on April 10, 2020, he entered into a sales contract with Lithia Kia of

---

[1] Dockets 1-2.

[2] Docket 1 at 3, 6–7.

[3] Docket 1 at 4–5.

Anchorage for a 2019 Dodge Durango.[4]  He alleges that he submitted a down payment and attempted to finance the balance due, but was denied a line of credit by American Credit Acceptance.[5]  Mr. McCullough alleges that Lithia Kia of Anchorage and American Credit Acceptance discriminated against him by "charging me so much for financing and for never telling me what my payment was going to be," and Lithia Kia of Anchorage had him sign someone else's credit report.[6]  Mr. McCullough alleges that the vehicle was repossessed without notice in violation of the delivery agreement and that he returned the keys, but never received his deposit back.[7]  He also alleges these events resulted in his arrest for theft, humiliation, and loss of employment.[8]  The Court takes judicial notice of Mr. McCullough's pending criminal case in state court, *State of Alaska v. McCullough*, Case No. 3AN-20-03457CR.[9]  The Court also takes judicial notice of

---

[4] Docket 1 at 3.

[5] Docket 1 at 3–5.

[6] Docket 1 at 4–5.

[7] Docket 1 at 3–7.

[8] Docket 1 at 6–7.

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 2 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 2 of 9

Mr. McCullough's state court civil action against Lithia Kia of Anchorage, Case No. 3AN-20-084134CI.[10]

For relief, Mr. McCullough requests (1) $950,000.00 in damages; (2) $1,250,000.00 in punitive damages; and (3) an order that "defendants drop all pending cases."[11]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[12]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[13] In conducting its

---

[10] Supra note 9.

[11] Docket 1 at 10.

[12] 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(a), (b).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[14] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[15]

## DISCUSSION

Mr. McCullough alleges claims against Lithia Kia of Anchorage and American Credit Acceptance, pursuant to 42 U.S.C. § 1983.[16] 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[17] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or

---

are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[15] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[16] *See* Docket 1.

[17] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 4 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 4 of 9

federal statutes."[18] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[19] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[20] These essential elements must be pleaded in a § 1983 claim.

A. <u>Private parties are not generally held liable under 42 U.S.C. § 1983; liability requires the violation of an enforceable right by a "state actor".</u>

Private citizens or entities are not proper defendants for a § 1983 action.[21] A defendant has acted under color of state law when he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[22]

A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances. For a private party, "state action may be

---

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[20] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[21] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc*); see generally Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) (analyzing whether a corporation's actions that resulted in the loss of the petitioner's property were under color of state law.).

[22] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (establishing that when state officials are administering a federal funded program, the state officials are still acting under color of state law).

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 5 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 5 of 9

found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[23] The Ninth Circuit, following the United States Supreme Court, explains that, "[s]pecifically, a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'"[24]

    A corporation is a legal entity created, usually for business purposes, in order to act independently of its shareholders.[25] Lithia Kia of Anchorage is a business entity organized for the sale of consumer vehicles and vehicle services, under the corporate umbrella of Lithia Motors.[26] While organized as a legal entity, Lithia Kia of Anchorage does not act with the virtue or authority of state law, and therefore, is not a state actor. Similarly, American Credit Acceptance is a subprime credit lender that offers vehicle loans to consumers, most often through car dealerships.[27] Mr. McCullough has not plausibly alleged any facts that would support a finding that either Lithia Kia of Anchorage or American Credit

---

[23] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and internal quotation marks omitted).

[24] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[25] BLACK'S LAW DICTIONARY (11th ed. 2019).

[26] Lithia Kia of Anchorage, https://www.lithiakiaanchorage.com/dealership/about.htm (last visited Dec. 15, 2020).

[27] American Credit Acceptance, https://americancreditacceptance.com/about-us/ (last visited Dec. 15, 2020).

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 6 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 6 of 9

Acceptance is a state actor. Mr. McCullough has not sufficiently pled an essential element of a claim pursuant to 42 U.S.C. § 1983.

B.  <u>A state actor must violate a pre-existing constitutional or federal right</u>.

42 U.S.C. § 1983 does not confer constitutional or federal rights. Instead, it provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[28] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[29] Section 1983 does not provide a cause of action for violations of state law.[30]

Mr. McCullough alleges unfair and deceptive business practices, intentional infliction of emotional distress, and discrimination under the Equal Credit Opportunity Act. Consumer protection and intentional infliction of emotional distress are not found in the U.S. Constitution, nor as a federal statutory right. Instead, these claims are common law torts or state consumer protection laws and best addressed in Alaska state court. The statute of limitations of personal injury

---

[28] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[29] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[30] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 7 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 7 of 9

tort claims is two years.[31] The Equal Credit Consumer Opportunity Act prohibits discrimination in credit lending on the basis of basis of race, color, religion, national origin, sex, marital status, age, receipt of public assistance, or good faith exercise of any rights under the Consumer Credit Protection Act.[32] Mr. McCullough's allegations do not describe prohibited discrimination on any of the protected bases. Moreover, the Equal Credit Opportunity Act provides a cause of action separate from 42 U.S.C. § 1983. Therefore, Mr. McCullough has not alleged the required element of a federal constitutional or statutory right.

A Court's decision to grant or deny leave to amend a complaint is discretionary.[33] With these parties and allegations, Mr. McCullough cannot meet the requirements of 42 U.S.C. § 1983 or another cognizable federal claim.

## CONCLUSION

Mr. McCullough has not alleged the required elements of a claim under 42 U.S.C. § 1983; amendment is futile.

---

[31] Alaska Stat. § 09.10.070.

[32] *See* 15 U.S.C. §§ 1691–1691f.

[33] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (establishing that leave to amend a complaint should be freely given unless to do so would be futile); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (stating that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 8 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 8 of 9

**IT IS THEREFORE ORDERED:**

1. The action is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. All pending motions are **DENIED AS MOOT**.

3. This dismissal is a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___ (2020).[34]

4. The Clerk of Court is directed to enter a final judgment.

    DATED this 16th day of December, 2020 at Anchorage, Alaska.

                                        */s/ Ralph R. Beistline*
                                        RALPH R. BEISTLINE
                                        Senior United States District Judge

---

[34] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:20-cv-00237-RRB, *McCullough v. Lithia Kia of Anchorage, et al.*
Order of Dismissal
Page 9 of 9
Case 3:20-cv-00237-RRB   Document 4   Filed 12/16/20   Page 9 of 9